# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6350 | **DATE** | 7/11/2001 |
| **CASE TITLE** | David Byrd, Jr. vs. Tracy B. McGrew & Loss Prevention, Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss [10] is denied. Previous order entered on October 20, 2000 denying plaintiff's motion for appointment of counsel with prejudice is vacated sua sponte. Status hearing is set for 7/26/01 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | 2 | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUL 1 3 2001 | |
| | Notified counsel by telephone. | date docketed | 17 |
| | Docketing to mail notices. | 15 | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 7/11/2001 | |
| | | 01 JUL 13 AM 8:17 | date mailed notice |
| MD | courtroom deputy's initials | | MD |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DAVID BYRD, JR., )
)
Plaintiff, )
)
v. ) No. 00 C 6350
)
TRACY B. McGREW & )
LOSS PREVENTION, INC., )
)
Defendants. )

DOCKETED
JUL 1 3 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff David Byrd, Jr.'s *pro se* complaint alleges that Tracy B. McGrew and Loss Prevention, Inc. (collectively "defendants") discriminated against him based on color, age, religion, disability, and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination Employment Act, 29 U.S.C. § 621 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiff filed charges with the United States Equal Employment Opportunity Commission ("EEOC") on September 15, 2000. On October 11, 2000, the EEOC issued a notice of plaintiff's right to sue after determining that it would be unable to complete its investigation within 180 days from plaintiff's EEOC complaint filing. This lawsuit was then filed on October 20, 2000. Defendants' have filed a motion to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the court denies the defendants' motion to dismiss.

17

## 12(b)(6) MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy v. Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir.1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in favor of the plaintiff. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir.1999); *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th Cir.1996).

## FACTS

Plaintiff's form complaint alleges the following limited facts, which are accepted as true for the purpose of this motion: Plaintiff sought employment as a security guard at Loss Prevention, Inc. in February of 2000. McGrew agreed to hire him on the condition that he obtain a valid home phone number and plaintiff told McGrew that he would accomplish this after receiving his first pay check. Plaintiff later received a letter from Loss stating that he did not meet their hiring qualifications. Plaintiff claims this was a discriminatory employment decision based on his age, color, disability, religion, and sex.

## DISCUSSION

Initially, the court notes that defendants' motion to dismiss included an affidavit of McGrew and plaintiff's response to the motion also included several factual exhibits. Federal Rule of Civil Procedure 12(b) requires that if matters outside of the pleadings are

included in a 12(b)(6) motion they must be either expressly rejected, or the motion must be converted into a motion for summary judgment. *See Travel All Over The World* v. *Saudie Arabia*, 73 F.3d 1423, 1430 (7th Cir. 1996). Any exhibits attached to a complaint, as well as documents attached to a motion to dismiss that are referred to in a complaint and central to a plaintiff's claim, are considered as part of the pleadings. *See Wright* v. *Assoc. Ins. Cos.*, 29 F.3d.1244, 1248 (7th Cir. 1994) (citing *Venture Assoc.* v. *Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993)). Therefore, the court strikes McGrew's affidavit and all of plaintiff's exhibits except the EEOC's right to sue notice referred to in plaintiff's complaint.

Defendants assert that plaintiff's complaint does not state a claim upon which relief can be granted because it does not set forth the essential elements to prove a claim of employment discrimination. Defendants ask too much of the plaintiff at this stage of the litigation. Not only must plaintiff's *pro se* form complaint be liberally construed and not held to the standards expected of pleadings drafted by lawyers, *see McCormick* v. *City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000), all plaintiff's complaint need allege is that he was turned down for a job based on his age, color, disability, religion, or sex, *see Bennet* v. *Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). This is so because "racial discrimination is 'a claim upon which relief can be granted.'" *Id.* The same is perforce true of age, disability and religious discrimination. Whether Byrd may ultimately be able to prove any employment discrimination need not be explored at this time. The court's concern is only to ascertain whether the plaintiff has given the defendants notice of the gravamen of his discrimination complaint. *See Scott* v. *City of Chicago*, 195 F.3d 950, 951-52 (7th Cir.1999). Plaintiff alleges that following his meeting with McGrew in

February of 2000, defendants denied him employment because of his age, color, disability, religion, and sex. These allegations state a claim upon which relief may be granted.

Defendants apparently believe that plaintiff's form complaint is either too sparse or patently meritless. Both *Scott* and *Bennet* make clear, however, that the appropriate procedure for obtaining information to clarify a complaint is to move for a more definite statement under Federal Rule of Civil Procedure 12(e) or, "if the claim is clear but implausible," to move for summary judgment under Rule 56. *Scott*, 195 F.3d at 952-53; *Bennet*, 153 F.3d at 518.

While defendants have failed to take an appropriate course of action, the court notes that various problems do exist regarding plaintiff's complaint. For instance, although defendants fail to mention this problem, plaintiff's EEOC charge only included allegations of religious and age discrimination. Not only does a question exist as to whether plaintiff's claims of color, disability, and sex discrimination are beyond the scope of his EEOC charge, *see, e.g., Vela v. Village of Sauk*, 218 F.3d 661, 664 (7th Cir. 2000), since plaintiff filed a pro se complaint (in which he checked almost every box in the form complaint), the court questions whether plaintiff actually meant to file suit based on the types of discrimination not mentioned in his EEOC charge.[1] For these reasons,

---

[1] In his form complaint, plaintiff checked six of the eight boxes listing potential claims of discrimination (the six checked boxes corresponding to discrimination based on age under the ADEA, color under Title VII and 42 U.S.C. § 1981, disability under the ADA, religion under Title VII, sex under Title VII, and race, color, or national origin under 42 U.S.C. § 1983; the two unchecked boxes corresponding to discrimination based on national origin under Title VII and § 1981, and race under Title VII and § 1981). The brief narrative portion of the complaint only states as follows:

> On or about Feb. [7, 2000,] I entered the defendants place of business. I was applying for a job as a security officer[.] After filing out the preliminary application and the other application we discussed hiring[.] I presented all my documentation as requested

although dismissal of the complaint is not appropriate, the court will vacate its prior order denying plaintiff appointed counsel with prejudice and allow plaintiff the opportunity to either retain his own counsel or, after showing that attempts to retain counsel were made, again move for the appointment of counsel.

## CONCLUSION

The court denies defendants' motion to dismiss [#10] and *sua sponte* vacates its previous order entered on October 20, 2000 denying plaintiff's motion for the appointment of counsel with prejudice. This matter is set for status on July 26, 2001 at 9:30 a.m..

Date: July 11, 2001         Enter: _____
                                   JOAN HUMPHREY LEFKOW
                                   United States District Judge

---

including my 5 year work history. The defendant Tracy B. McGrew stated that he would hire me, but I had to get a phone turned on. I said I would with my first check. The defendant later sent me a letter stating that I didn't meet the qualifications.

On his EEOC charge, plaintiff only checked the boxes listing age and religion as the cause of discrimination and states in the narrative portion of the form that he believes he was denied a job because of his religion, in violation of Title VII, and because of his age, in violation of the ADA.